IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA, *
 *
v. * CR 302-004
 *
 *
LINTON ANTHONY, JR.[1] *

# O R D E R

Before the Court in the captioned criminal matter is Defendant Linton Anthony, Jr.'s pro se motion for clarification on the order of restitution. On September 24, 2002, Anthony was sentenced to a term of imprisonment of 135 months following his guilty plea to bank robbery and use of a firearm during the commission of the bank robbery. The Court further ordered Anthony to pay restitution to the victim bank in the amount of $5,844.43, specifying that responsibility for the restitution be *joint and several* with his co-defendant, Deandra Elis Clark.[2]

---

[1] Defendant Anthony filed the present motion under the name of Eric Wright, the name under which he was indicted. However, this Court has found that his true name is Linton Anthony, Jr. and instructed the Clerk of Court to reflect Linton Anthony, Jr. as his true name in the record. (See Order of Sept. 26, 2002.) Defendant Anthony is admonished to use his true name in documents and any other correspondence to this Court.

[2] Anthony claims that I indicated that he and Clark were "equally responsible" for the restitution fee, such that they

Anthony states in his motion that he has paid "close to or all of my half of the restitution debt." (Doc. No. 55.) The Court takes judicial notice that $2711.12 has been paid to date, of which Anthony has paid $2,255.73 and Clark has paid $455.39. By virtue of this disproportionate payment, Anthony seeks a judicial order relieving him of any further restitution once he has paid one-half of the original restitution amount.

"If a court finds that more than 1 defendant has contributed to the loss of a victim, the court _may_ make each defendant liable for payment of the full amount of restitution or _may_ apportion liability among the defendants to reflect the level of the contribution to the victim's loss and the economic circumstances of each defendant." 18 U.S.C. § 3664(h)(emphasis added). Thus, it is within this Court's discretion whether to make restitution payable jointly and severally. At sentencing, I chose to make each defendant liable for payment of the full amount of restitution, which is clearly authorized, and under the facts, appropriate.

While the Court recognizes the payments that Anthony has made toward restitution and understands his frustration in shouldering a disproportionate share of its payment, he has

---

should pay in equal portions, i.e. one-half. However, the judgment of conviction clearly states that restitution is joint and several, which means each defendant is equally responsible for the _entire_ amount.

2

not provided an adequate basis for the Court to essentially dismiss one-half of the restitution judgment against him. An order imposing a restitution obligation on a criminal defendant is an important element of a sentence and serves to fulfill the objectives of sentencing, which include not just punishment, but also deterrence, rehabilitation, and, in the case of restitution, victim compensation. Anthony has presented no legal basis to alter or modify the restitution order. Certainly, he has presented nothing that would diminish the harm he has caused to the victim bank, and the victim bank is entitled to recoup its losses no matter the defendant source. If Anthony chooses to seek contribution from his co-defendant, he is free to do so.

Upon the foregoing, Defendant Anthony's motion with regard to the restitution order is hereby **DENIED** in that the joint and several aspect of the order will not be modified. Defendant Anthony remains obligated to pay the full amount of restitution jointly and severally with Defendant Clark; each defendant is equally responsible for the *entire* amount of $5,844.43.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of April, 2008.

UNITED STATES DISTRICT JUDGE

3